Milton Jerome **WILLARD**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 24927.

United States Court of Appeals Fifth Circuit.

April 18, 1968.

admissions in that such admissions were obtained through promises of government agents, and (3) defendant was denied counsel requested at his hearing before the United States Commissioner.

We find no merit to any of these contentions.

A fair reading of the record reveals that the testimony was sufficient to support a conviction. With respect to the admissions, the evidence is undisputed that the accused was fully warned of his constitutional rights at the beginning of each interview with government agents, and no evidence was produced that any promises were made to obtain such admissions. Finally, while it is the Commissioner's duty to advise the accused of his right to counsel and to appoint counsel, if requested, in case of indigency, his failure to do so does not vitiate a subsequent conviction after indictment, when, as here, no incriminating evidence is adduced at the hearing which is later used at the trial of the accused.

The judgment is affirmed.

Swep S. Taylor, Jr., Jackson, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

This is an appeal from a jury verdict finding appellant guilty of conspiracy to commit armed robbery (18 U.S.C. § 371) and armed robbery of an F.D.I.C. insured bank and aiding and abetting therein. (18 U.S.C. and § 2113(a) and (d)).

Appellant contends: (1) the evidence was insufficient to warrant conviction, (2) the court erred in permitting government witnesses to testify as to